IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

SERTA SIMMONS BEDDING, LLC,   CHAPTER 11
*Et al.,*

                                   Case No. 23-90020

        Debtors.

                                   Jointly Administered

## **MOTION FOR RELIEF FROM STAY**

      Sally Erickson, a Creditor in this case, moves this Court to enter an Order lifting the automatic stay for cause to allow her to proceed with arbitration.

      This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.

      Represented parties should act through their attorney.

There will be a hearing on this matter on June 6, 2023 at 2:30 PM in courtroom 400, 515 Rusk, Houston, TX 77002.

## **ISSUES PRESENTED**

**Arbitration.** The Supreme Court has held that courts must enforce arbitration agreements unless the *party trying to avoid arbitration* can show that congress intended to preclude arbitration for the statutory rights at issue. Debtor SSB required creditor Sally Erickson to sign an agreement to arbitrate any legal disputes arising out of her employment with SSB. Erickson initiated arbitration against SSB for violation of a federal employment law. Can SSB show that Congress intended to preclude arbitration of Erickson's employment-law claim?

**FAA vs. Bankruptcy Code.** In conflicts between the Federal Arbitration Act and the Bankruptcy Code, the Bankruptcy code only supersedes the FAA when a case in arbitration has some relationship with the bankruptcy code; that the arbitration case involves a "core" bankruptcy proceeding. Sally Erickson's arbitration claim involves a violation of the ADEA arising out SSB's termination of her employment, was initiated before SSB's bankruptcy filing and has nothing to do with issues arising out of the bankruptcy code or SSBs bankruptcy filing. Does the bankruptcy code supersede the FAA and permit Erickson's employment claim to be heard in the bankruptcy court?

2

**For cause.** Bankruptcy courts lack discretion to refuse to compel arbitration in non-core matters. As Sally Erickson's arbitration with SSB is non-core, if the court can't decline to compel non-core arbitration, must the automatic stay be lifted for cause?

## I.   Brief Background

1. The Debtor in this action, Serta Simmons Bedding, LLC hired Ms. Erickson into the position of Senior Vice President Corporate Controller in April 2015.

2. Serta Simmons Bedding, LLC required Ms. Erickson to sign an Arbitration Agreement as a condition of her employment with the company wherein the parties agreed to submit all disputes arising out of the employment relationship to arbitration.

**EXHIBIT A - ARBITRATION CLAUSE**

(1)     In consideration of the benefits described in the letter agreement executed by SALLY ERICKSON (the "Employee" or "you") and SERTA SIMMONS BEDDING, LLC, a Delaware limited liability company (the "Company" and together with its subsidiaries, parents, joint ventures, affiliated entities and their respective successors and assigns, the "Company Group"), on the same date hereto and into which this Exhibit A is incorporated ("Agreement"), the parties hereby agree that any controversy or claim arising under federal, state and local statutory or common or contract law between the Company Group and you involving the construction or application of any of the terms, provisions, or conditions of the Agreement, including, but not limited to, breach of contract, tort, and/or fraud, must be submitted to arbitration on the written request of the parties served on the other. Arbitration shall be the exclusive forum for any such controversy, excluding only an action seeking equitable relief, including injunctive relief and specific performance in connection with a breach of the provisions of this Agreement, which may be brought in a court of competent jurisdiction in the State of Georgia. For example, if the Company and you disagree as to whether the Company had Cause, as defined by the Agreement, to terminate your employment or if the Company and you have a dispute concerning the interpretation or enforceability of one or more restrictive covenants, the parties will resolve the dispute exclusively through arbitration. The Arbitrator's decision shall be final and binding on the parties.

Excerpt from arbitration clause dated April 9, 2015.

3.      Indeed, the Arbitration Agreement requires Ms. Erickson to bring all claims arising out of her employment to the American Arbitration Association.

4.      On November 4, 2022, Ms. Erickson submitted a Demand for Arbitration to the American Arbitration Association, Employment Arbitration Tribunal for violations of the Age Discrimination in Employment Act.



Southeast Case Management Center
Charles Dorsey
Assistant Vice President
2200 Century Parkway
Suite 300
Atlanta, GA 30345
Telephone: (404)325-0101
Fax: (877)395-1388

November 29, 2022

Benjamin F. Barrett, Jr., Esq.
Ben Barrett Law
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
Via Email to: ben@benbarrettlaw.com

Timothy Holdsworth, Esq.
Elarbee Thompson Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.E.
ATLANTA, GA 30303
Via Email to: holdsworth@elarbeethompson.com

Case Number: 01-22-0004-6861

Sally A. Erickson
-vs-
Serta Simmons Bedding, LLC

Dear Parties:

The American Arbitration Association (the AAA) acknowledges receipt of a Demand for Arbitration, which has been filed with us in accordance with the employment plan or contract containing a clause providing for administration by the AAA.

Excerpt from AAA Case Initiation letter.

6. On January 23, 2023, Serta Simmons Bedding, LLC filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (11

5

U.S.C. § 101, et. seq.) in the United States Bankruptcy Court for the Southern District of Texas.

7.  Ms. Erickson now seeks relief from the automatic stay so that she can continue to arbitrate her claims.

**II.  Legal Analysis**

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Section 362(a) of the Bankruptcy Code provides that a bankruptcy court *shall* grant a moving party relief from the automatic stay if, among other things, cause exists. 11 U.S.C. § 362(d)(1).

9.  Section 362(d) of the Bankruptcy Code allows a party in interest to request relief from the automatic stay for cause. 11 U.S.C. § 362(d).

10.  Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The arbitration agreement between Ms. Erickson and Serta Simmons Bedding, LLC is a valid and enforceable agreement.

11.  Further, no conflict exists between the enforcement of the arbitration agreement and the Bankruptcy Code. See *Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 495 (5th Cir. 2002).

6

12. Bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding. *Id.* Ms. Erickson's claims involve non-core proceedings involving issues that arose prior to the filing of the bankruptcy.

13. Indeed, Ms. Erickson's claim for arbitration is not a core proceeding. A core proceeding exists only because of a bankruptcy. In other words, a proceeding is "core" if (1) it involves a right created by federal bankruptcy law; or (2) it would arise only in bankruptcy. *Gandy v. Gandy* (In re Gandy), 299 F.3d 489, 495 (5th Cir. 2002); *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1067 (5th Cir. 1997) (setting forth the "*National Gypsum* test"). "Under this test, if the court determines that a proceeding does not derive exclusively from the Code, the court has no choice but to abstain and allow the parties to arbitrate the matter." *In re Mirant Corp.*, 316 B.R. 234, 238 (Bankr. N.D. Tex. 2004).

14. "Bankruptcy courts do not have discretion to decline to enforce an arbitration agreement relating to a non-core proceeding." *Id.* A proceeding is not core "if the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.*

7

15. Here, Ms. Erickson's demand for arbitration was filed before Serta Simmons Bedding, LLC filed for bankruptcy protection, and her claim involves issues arising outside of the bankruptcy filing.

16. Balancing the policies of the Federal Arbitration Act and the Bankruptcy Code, the factors weigh in providing Ms. Erickson relief from the automatic stay to allow her to arbitrate her claims.

Accordingly, Sally Erickson requests that the Court enter an Order lifting the Automatic Stay in this matter and allowing her arbitration case to proceed.

Submitted this 9th day of May, 2023.

   /s/ *Benjamin F. Barrett*
Ben Barrett Law
Benjamin F. Barrett
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
Telephone:   (404)845-7449
Email:        Ben@benbarrettlaw.com

Attorney for Creditor Sally Erickson

**Certificate of Conference**

The Movant's counsel contacted the Debtor's counsel by email on April 17, 2023 with a detailed message about why the stay should be lifted and requesting to speak on the telephone in an attempt to resolve the Motion. Debtor's counsel responded by email on May 1, 2023. We had a conversation by email on May 2, 2023 and and we were unable to resolve the Motion.

/s/*Benjamin F. Barrett*
Benjamin F. Barrett

**Certificate of Service**

I hereby certify that, on May 9, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/*Benjamin F. Barrett*
Benjamin F. Barrett